**United States District Court**
**Eastern District of Michigan**
**Southern Division**

**AELEN UNAN and PATRICIA QUINTINO,**

    **on behalf of themselves and**
    **all others similarly situated,**

        **Plaintiffs,**                     **Case No.**

**v.**

**JAMES K. HAVEMAN, in his official capacity as**
**DIRECTOR, MICHIGAN DEPARTMENT OF**
**COMMUNITY HEALTH,**

**and**

**MAURA CORRIGAN, in her official capacity as**
**DIRECTOR, MICHIGAN DEPARTMENT**
**OF HUMAN SERVICES,**

        **Defendants.**
_____/

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND BRIEF IN SUPPORT

### STATEMENT OF NONCONCURRENCE

Plaintiffs' attorney sought the concurrence of Defendants in this Motion.

Concurrence was not granted.  On September 5, 2014, Plaintiffs' attorney

contacted the Defendant Director of Department of Community Health (DCH),

James K. Haveman; DCH's in-house counsel, Matthew Rick, with whom Plaintiffs' counsel repeatedly had discussed the underlying issues in this case; and the Defendant Director of Department of Human Services, Maura Corrigan, to inform them that Plaintiffs intended to file this lawsuit and this Motion.  Plaintiffs' attorney provided the nature of the underlying action and the legal bases of the Motion, and offered to answer any questions that they might have.

Counsel for both Defendants, Attorney General Joshua Smith, responded to the request for concurrence for this Motion and did not grant it.

## MOTION

1.  Pursuant to Fed. R. Civ. P. 23, Plaintiffs move for an Order certifying this matter to proceed as a Class Action under Fed. R. Civ. P. 23(b)(2).

2.  The named Plaintiffs seek to represent a class consisting of all Medicaid-eligible Michigan residents who (a) had or have their Medicaid eligibility determined or redetermined on or after January 1, 2014, and (b) were or are not (i) promptly furnished comprehensive Medicaid coverage while (ii) being given a reasonable opportunity to verify their satisfactory immigration status, and were or are instead erroneously assigned to Emergency Services Only Medicaid coverage without such an opportunity (the Delay and Reasonable Opportunity Class).

3.  The named Plaintiffs also seek to represent a class consisting of all Medicaid-eligible Michigan residents who (a) had or have their Medicaid

eligibility determined or redetermined on or after January 1, 2014, and (b) were or are not given adequate and meaningful written notice of the fact that they have been denied comprehensive Medicaid coverage, the factual and legal reasons for the denial and their hearing rights in connection with the denial of comprehensive Medicaid (the Notice Class).

4.  Plaintiffs request that Elan S. Nichols and Edward J. Hoort of the Center for Civil Justice, and Susan E. Reed and Anna M. Hill of the Michigan Immigration Rights Center, be appointed as class counsel in this case.

5.  Plaintiffs make this Motion on the grounds that, as to each of the Delay and Reasonable Opportunity Class, and the Notice Class:

(A) The class is so numerous that joinder is impracticable;

(B) There are questions of law common to all class members;

(C) The claims of the named Plaintiffs are typical of the claims of the class;

(D) The named Plaintiffs will fairly and adequately protect the interests of the class; and

(E) Defendants have acted or failed to act on grounds generally applicable to the class, thereby making final injunctive and declaratory relief appropriate.

6.  Therefore, Plaintiffs respectfully request that this Court enter an order:

A. Certifying this case to proceed on behalf of two Classes defined as:

all Medicaid-eligible Michigan residents who: (a) have their Medicaid

eligibility determined or redetermined on or after January 1, 2014, (b) are not promptly furnished comprehensive Medicaid coverage and are instead erroneously assigned to Emergency Services Only Medicaid coverage without first being given a reasonable opportunity to verify their immigration status (the Delay and Reasonable Opportunity Class); and (a) have their Medicaid eligibility determined or redetermined on or after January 1, 2014, and (b) are not given adequate and meaningful written notice of the fact that they have been denied comprehensive Medicaid coverage, the factual and legal reasons for the denial, and that they have the right to a hearing if eligibility for comprehensive Medicaid is denied (the Notice Class).

B. Appointing Elan S. Nichols and Edward J. Hoort of the Center for Civil Justice, and Susan E. Reed and Anna M. Hill of Michigan Immigrant Rights Center, as counsel for the Class.

C. Granting such other and further relief as this Court deems just and proper.

7.  Plaintiffs file a Brief with this Motion, more fully explaining why certification of each class is appropriate in this case.

# PLAINTIFFS' BRIEF IN SUPPORT OF
# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## Table of Contents

EXHIBITS............................................................................................. vii

TABLE OF AUTHORITIES ............................................................... viii

QUESTIONS PRESENTED...................................................................x

CONTROLLING AUTHORITY ...........................................................xi

I.    INTRODUCTION ........................................................................1

II.   FACTS ...........................................................................................1

III.  ARGUMENT.................................................................................2

      A.    THE DELAY AND REASONABLE OPPORTUNITY CLASS
           SHOULD BE CERTIFIED. ...............................................3

           1.   The Proposed Delay and Reasonable Opportunity Class Is
               Ascertainable and Meets the Requirements of Rule 23(a). ........3
                   a.   Membership in the Delay and Reasonable Opportunity
                      Class is Ascertainable………………………..……..3
                   b.   The Delay and Reasonable Opportunity Class Is So
                      Numerous that Joinder of All Members is Impracticable
                      ………………………………………...........................4
                   c.   There are Questions of Law and Fact Common to the
                      Delay and Reasonable Opportunity Class………..……..7
                   d.   The Claims of the Named Plaintiffs are Typical of the
                      Claims of the Delay and Reasonable Opportunity
                      Class……………………………………………………9
                   e.   The Named Plaintiffs Will Fairly and Adequately Protect
                      the Interests of the Delay and Reasonable Opportunity
                      Class…………………………………………………...13
               2.   The Proposed Delay and Reasonable Opportunity Class Meets
                 the Requirements of Rule 23(b)(2) …………………………15

      B.    THE NOTICE CLASS SHOULD BE CERTIFIED………………..17

           1.   The Proposed Notice Class Is Ascertainable and Meets the
               Requirements of Rule 23(a)....................................................17
                   a.   Membership in the Notice Class is Ascertainable …….17

b. The Notice Class Is So Numerous that Joinder of All Members is Impracticable……………………………18

c. There are Questions of Law and Fact Common to the Notice Class …………………………………………..19

d. The Claims of the Named Plaintiffs are Typical of the Claims of the Notice Class …………………………20

e. The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Notice Class ………………………22

2. The Proposed Notice Class Meets the Requirements of Rule 23(b)(2)………………………………………………….23

IV. CONCLUSION – REQUESTED RELIEF ..................................................24

**Exhibits**

Ex. A – *Crawley v. Ahmed*, No. 08-14040, 2009 U.S. Dist. LEXIS 40794 (E.D. Mich. May 14, 2009)

Ex. B – Defendant DCH's August 11, 2014 response to an advocate's Freedom of Information Act request

Ex. C – *Smith v. Waterman S.S. Corp.*, 2011 U.S. Dist. LEXIS 103369 (E.D. Mich. 2011)

Ex. D – Resumes of Elan S. Nichols, Edward J. Hoort, Susan E. Reed, and Anna M. Hill

Ex. E – *Int'l Union v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS 66899 (E.D. Mich. 2008)

Ex. F – *Ruiz v. Kizer*, No. CVS-1272-MLS-PAN, 1991 WESTLAW 280035 (E.D. Cal. Oct. 1, 1991)

# Table of Authorities

**Cases**

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ........................................................................15, 23

*Bacon v. Honda of Am. Mfg., Inc.*,
   370 F.3d 565 (6th Cir. 2004) ..........................................................................4, 7

*Beattie v. Century Tel., Inc.*,
   511 F.3d 554 (6th Cir. 2007) .............................................................................11

*Bromley v. Mich. Edu. Ass'n*,
   178 F.R.D. 148 (E.D. Mich. 1998) ......................................................................5

*Crawley v. Ahmed*,
   No. 08-14040, 2009 U.S. Dist. LEXIS 40794 (E.D. Mich. May 14, 2009)
   ...........................................................................................................*passim*

*Fallick v. Nationwide Mut. Ins. Co.*,
   162 F.3d 410 (6th Cir. 1998) ...............................................................................7

*In re Am. Med. Sys., Inc.*,
   75 F.3d 1069, 1079 (6th Cir. 1996) ...................................................4, 6, 11, 21

*Int'l Union v. Ford Motor Co.*,
   2008 U.S. Dist. LEXIS 66899 (E.D. Mich. 2008) ............................................15

*M.K.B. v. Eggleston*,
   445 F. Supp. 2d 400 (S.D.N.Y. 2006) ...............................................................24

*Powers v. Hamilton Co. Pub. Defender Comm'n*,
   501 F.3d 592 (6th Cir. 2007) ...............................................................................7

*Ruiz v. Kizer* No. CVS-1272-MLS-PAN, 1991 WESTLAW 280035 (E.D. Cal. Oct.
   1, 1991) ..............................................................................................................24

*Senter v. Gen'l Motors Corp.*,
   532 F.2d 511 (6th Cir. 1976) .........................................................2, 4, 5, 13, 15

*Smith v. Babcock*,
   19 F.3d 257 (6th Cir. 1994) ...............................................................................13

*Smith v. Waterman S.S. Corp.*,
   2011 U.S. Dist. LEXIS 103369 (E.D. Mich. 2011)............................................5

*Sprague v. Gen'l Motors Corp.*,
   133 F.3d 388 (6th Cir. 1998) ...................................................................7, 8, 19

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011)................................................................................15, 23

*Wilkof v. Caraco Pharm. Labs., Ltd.,*
   280 F.R.D. 332 (E.D. Mich. 2012)........................................................13, 21, 22

*Young v. Nationwide Mut. Ins. Co*.,
   693 F.3d 532 (6th Cir. 2012) ...................................................................*passim*

**Statutes**

42 U.S.C. § 1320b-7(d)(4)(A) ………………………………………………1, 8

42 U.S.C. § 1396a(a)(3) ……………………………………………………1, 19

42 U.S.C. § 1396a(a)(8) and (10) …………………………………………1, 7

**Other Authorities**

1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* (3d ed. 1992) ...15

**Rules**

Federal Rule of Civil Procedure 23(a).............................................................*passim*

Federal Rule of Civil Procedure 23(b)………………………………………*passim*

x

## Questions Presented:

1. Does this case meet requirements set forth in Fed. R. Civ. P. 23(a) and 23(b)(2) for class certification of the Delay and Reasonable Opportunity Class?


2. Does this case meet requirements set forth in Fed. R. Civ. P. 23(a) and 23(b)(2) for class certification of the Notice Class?

**Controlling Authority:**

Fed. R. Civ. P. 23(a) and (b).

*Senter v. Gen'l Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976).

*Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 537-538 (6th Cir. 2012).

# I. INTRODUCTION

Plaintiffs bring this action on behalf of themselves and others similarly situated, to challenge Defendants' violations of their federal statutory and Constitutional rights:

(a) to prompt receipt of comprehensive Medicaid coverage for which they are eligible, under 42 U.S.C. § 1396a(a)(8) and (10);

(b) to a reasonable opportunity to verify their immigration status, and comprehensive Medicaid benefits during that period, under 42 U.S.C. § 1320b-7(d)(4)(A) (both of the preceding in reference to the Delay and Reasonable Opportunity Class); and

(c) to adequate and meaningful written notice of the fact that the Plaintiff Class has been denied comprehensive Medicaid coverage, the factual and legal reasons for the denial, and their hearing rights in connection with the denial, under the Due Process Clause of the Fourteenth Amendment and federal Medicaid law, 42 U.S.C. § 1396a(a)(3) (as to the Notice Class).  Upon information and belief, each Class includes hundreds or thousands of individuals who are or will be unlawfully assigned to Emergency Services Only Medicaid coverage.

## II. FACTS

The facts of this case are set forth more fully in the Class Action Complaint and attached exhibits, which are incorporated by reference.

## A.     The Class Definitions

The proposed Delay and Reasonable Opportunity Class that Plaintiffs seek to represent consists of: all Medicaid-eligible Michigan residents who (a) had or have their Medicaid eligibility determined or redetermined on or after January 1, 2014, and (b) were or are not (i) promptly furnished comprehensive Medicaid coverage while (ii) being given a reasonable opportunity to verify their immigration status, and were or are instead erroneously assigned to Emergency Services Only Medicaid coverage without such an opportunity.

The proposed Notice Class that Plaintiffs seek to represent consists of: all Medicaid-eligible Michigan residents who (a) had or have their Medicaid eligibility determined or redetermined on or after January 1, 2014, and (b) were or are not given adequate and meaningful written notice of the fact that they have been denied comprehensive Medicaid coverage, the factual and legal reasons for the denial and their hearing rights in connection with the denial of comprehensive Medicaid.

## III. ARGUMENT

A federal court may certify a suit as a class action where the proposed class is ascertainable and meets all of the requirements of Fed. R. Civ. P. 23(a), and fits within one of the subcategories of Fed. R. Civ. P. 23(b).  *Senter v. Gen'l Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976); *Crawley v. Ahmed*, No. 08-14040, 2009 U.S. Dist. LEXIS 40794 (E.D. Mich. May 14, 2009) at *41-42, Exhibit A.  In this

case, the Delay and Reasonable Opportunity Class is ascertainable and easily satisfies the requirements of Rule 23(a) and (b)(2).  Thus, this Class should be certified.

## A. THE DELAY AND REASONABLE OPPORTUNITY CLASS SHOULD BE CERTIFIED.

## 1. The Proposed Class Is Ascertainable and Meets the Requirements of Rule 23(a).

### a. Membership in the Delay and Reasonable Opportunity Class is Ascertainable.

Before analyzing the statutory elements regarding class certification, a court must find that a defined class exists and that the named plaintiffs are a member of that class.  *Crawley*, 2009 U.S. Dist. LEXIS 40794, at *23-25, Exhibit A.  "[T]he class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class."  *Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 537-538 (6th Cir. 2012) (citation omitted).  The court must be able to ascertain whether a person is a class member by reference to objective criteria.  *Id.* at 538-539.

Here, the Delay and Reasonable Opportunity Class satisfies the ascertainability requirement because a specific group (all Medicaid-eligible qualified immigrants residing in Michigan who applied on or after January 1, 2014, were assigned ESO Medicaid without being given comprehensive Medicaid during a reasonable opportunity to verify their immigration status), suffered specific harm

(receiving very little health care coverage). Similar to the *Crawley* case, the Plaintiff Class includes prospective members who will be refused comprehensive Medicaid coverage in the future.

Because the proposed Delay and Reasonable Opportunity Class consists of a particular group of individuals who have been or will be harmed in a similar way, it is ascertainable.

**b. The Delay and Reasonable Opportunity Class Is So Numerous that Joinder of All Members is Impracticable.**

The "numerosity" requirement of Rule 23(a)(1) is met if Plaintiffs demonstrate the impracticability of joinder. *Young*, 693 F.3d at 541, *quoting In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Joinder need not be impossible. There is no "strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys.,* 75 F.3d at 1079. A court may certify a class even when a plaintiff does not know the exact number of class members. *Senter*, 532 F.2d at 523 n. 24. A large number of potential plaintiffs, however, can be sufficient to satisfy numerosity. *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("[The] sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy [numerosity].").

The Proposed Delay and Reasonable Opportunity Class easily satisfies the numerosity requirement because it includes thousands of individuals. Defendants

have estimated that as of August 11, 2014, approximately 68,000 citizens and qualified immigrants had been erroneously assigned to ESO coverage in Michigan in 2014.  *See* Exhibit B.  Each day, more individuals are applying for Medicaid/Healthy Michigan Plan (HMP) – presumably including qualified immigrants.[1]

Consequently, the Delay and Reasonable Opportunity Class is sufficiently numerous to satisfy the numerosity requirement.  *See Senter,* 532 F.2d at 522-523 ("In ruling on a class action a judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings"); *Bromley v. Mich. Edu. Ass'n*, 178 F.R.D. 148, 162 (E.D. Mich. 1998) (a class may include not just persons already harmed by defendants' conduct, but also persons who will be harmed in the future); *Smith v. Waterman S.S. Corp.*, 2011 U.S. Dist. LEXIS 103369 (E.D. Mich. 2011) at *4, Exhibit C ("It is the duty of a district court faced with the question of class-action certification to scrutinize the available evidence, draw reasonable inferences from the facts available at this stage of the proceeding . . . ").

---

[1] According to an August 11, 2014 response to a Freedom of Information Act request to Defendants, Defendant DCH stated that the State had implemented a partial, temporary, and prospective-only fix to stop erroneous assignments to ESO for qualified immigrants who newly applied as of August 2, 2014 and subsequently.  *See* Exhibit B.

Other factors courts look to in determining impracticability of joinder include "judicial economy, geographical dispersion of class members, ease of identifying putative class members, and practicality with which individuals [sic] putative class members could sue on their own." *Crawley*, 2009 U.S. Dist. LEXIS 40794, at *28-29, Exhibit A.  Here, Delay and Reasonable Opportunity Class members are dispersed throughout the state.  It is unlikely that each and every Class member, many of whom have limited English proficiency, will be able to fully identify and invest in the resources necessary to redress the statutory eligibility and immigration claims raised by this case on their own.  This is especially true because many of the Class members are at the same time faced with serious medical conditions taxing their already limited financial resources.  In sum, judicial economy will be served by allowing this case to be brought as a class action with this Delay and Reasonable Opportunity Class, rather than requiring thousands of individuals to bring their own actions.

### c. There are Questions of Law and Fact Common to the Delay and Reasonable Opportunity Class.

The "commonality" requirement of Rule 23(a)(1) is satisfied where there is a question of law or fact common to the class.  The test is "qualitative rather than quantitative . . . [and] there need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1080, *quoting* 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 3.10, at 3-50 (3d ed. 1992);

*see also Powers v. Hamilton Co. Pub. Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).  If there is a common issue uniting the putative class members, "variations in the circumstances of class members are acceptable." *Bacon*, *supra* at 570.  The Sixth Circuit has also observed that plaintiffs satisfy the commonality prong where resolving the common issue will "advance the litigation." *Sprague v. Gen'l Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998), *quoted in Crawley*, 2009 U.S. Dist. LEXIS 40794, at *33, Exhibit A; *see also Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998) ("[T]he commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members.") (quotation omitted).  "To demonstrate commonality, the plaintiffs' 'claims must depend on a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Young*, *supra* at 542 (citation omitted).

The questions of law and fact that are common to all members of the Delay and Reasonable Opportunity Class include: (1) whether Defendants failed to promptly furnish comprehensive Medicaid coverage to the Class, for which they are eligible, instead of ESO Medicaid, in violation of 42 U.S.C. § 1396a(a)(8), (10); and (2) whether Defendants failed to provide members of the Class with an opportunity to verify satisfactory immigration status and with comprehensive

8

Medicaid coverage during that reasonable opportunity, in violation of 42 U.S.C. §
1320b-7(d)(4)(A).  As was the case in *Crawley, supra*, the named Plaintiffs in this
case seek to redress government officials' systematic failure to adhere to statutory
requirements.  As such, the named Plaintiffs share common questions of law or
fact with the putative Delay and Reasonable Opportunity Class.

Moreover, the common questions are central to the case.  A holding that the
Defendants' conduct fails to satisfy statutory requirements because of the delays in
providing comprehensive Medicaid coverage to Plaintiffs, for which Plaintiffs is
eligible, with an opportunity to verify satisfactory immigration status, would
resolve the case for all Delay and Reasonable Opportunity Class members "with
one stroke."  *Young*, *supra*.  Therefore, resolving the common issues will most
certainly "advance the litigation."  *Sprague, supra*.

### d. The Claims of the Named Plaintiffs are Typical of the Claims of the Delay and Reasonable Opportunity Class.

Plaintiff Unan is a documented refugee, lawfully admitted to the United
States with an I-94 entry document and a Social Security Number, who came to the
United States one year ago.  She is escaping from war in Iraq by way of Lebanon,
where she could not stay permanently.  Plaintiff Unan now resides in Macomb
County, Michigan.  Ms. Unan speaks some English but Arabic is her first
language, and has only a low-paying job to sustain herself, which situates her
below the poverty level.  She has no other funds, assets, or governmental

assistance, other than financial aid that pays for her to go to community college.

Ms. Unan also receives food assistance from Defendant DHS, based on the same

documentation of eligible immigration status that shows she is eligible for

Medicaid.  *See* Exhibit A to the Class Action Complaint filed contemporaneously

with this Motion, Declaration of Aelen Unan, 8/14/14, ¶¶ 3-14.

Ms. Unan applied for comprehensive Medicaid coverage (the Healthy

Michigan Plan) on April 2 and May 21, 2014, attesting that she was a qualified,

eligible immigrant as a refugee with a Social Security Number.  In a "Health Care

Coverage Determination Notice" dated April 28, 2014, Defendant DHS issued Ms.

Unan a decision stating – without explanation – that she was approved for ESO

Medicaid only, from April 1, 2014, ongoing.  *See* Complaint, ¶¶ 68-73.  To date,

over four months after she first applied, Ms. Unan does not have comprehensive

Medicaid coverage.  As a consequence of having ESO Medicaid, Ms. Unan cannot

afford to pay out of pocket for the medical appointments and medications she

needs.  She has been going without the treatment she needs.  Ms. Unan requires

comprehensive Medicaid coverage immediately to pay for prescription

medications and health care appointments to treat and monitor her dental and

vision problems.  *See* Complaint, ¶¶ 80-84.  Ms. Unan's situation is very similar to

all the others within the Delay and Reasonable Opportunity Class.

Plaintiff Patricia Quintino is a citizen of Mexico and has been a Permanent Resident of the United States for 16 years.  Plaintiff Quintino came here after marrying her husband, and now resides in Kent County, Michigan.  Ms. Quintino speaks only Spanish.  Ms. Quintino's husband has only a low-paying job to sustain the family, including three children, which situates Ms. Quintino below the poverty level.  She has no other funds, assets, or governmental assistance, other than two family cars, and food assistance from Defendant DHS, which carries the same immigration qualifications as Medicaid.  *See* Complaint, ¶¶ 85-91; Bridges Eligibility Manual (BEM) 225.

Ms. Quintino applied for comprehensive Medicaid coverage (the Healthy Michigan Plan) on April 1, 2014, attesting that she was a qualified, eligible immigrant as a Permanent Resident with a green card, which she provided with her application.  In a "Health Care Coverage Determination Notice" that Ms. Quintino received dated April 30, 2014, Defendant DHS issued Ms. Quintino a decision stating, without explanation, that she was approved for ESO Medicaid only, from April 1, 2014, ongoing.  *See* Exhibit B to the Class Action Complaint filed contemporaneously with this Motion, Declaration of Patricia Quintino, 8/26/14, ¶¶ 15-16.  To date, over four months after she first applied, Ms. Quintino does not have comprehensive Medicaid coverage.  As a consequence of having ESO Medicaid, Ms. Quintino cannot afford to pay out of pocket for the medical

appointments and medications she needs.  She has been going without the treatment she needs and skipped her annual physical this year, and she has thyroid disease.  Plaintiff requires comprehensive Medicaid coverage immediately to pay for prescription medications and health care appointments to have regular checkups including gynecological cancer screenings, as she has had a prior breast lump for which she is overdue for a mammogram.  *See* Complaint, ¶¶ 110-114.

Plaintiffs Unan's and Quintino's claims are typical of those of the Delay and Reasonable Opportunity Class because there is a "sufficient relationship . . . between the injury to the named Plaintiffs and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys. Inc.*, 75 F.3d at 1082, *quoting Newberg on Class Actions* at 3-76.  The commonality requirement overlaps and merges with the typicality requirement.  *Young*, 693 F.3d at 542.

In cases where typicality is satisfied, the proposed class representative's interests are so aligned with the putative class's interests that by pursuing his claim, he advances the class's interests.  *Id.*; *see also Beattie v. Century Tel., Inc.*, 511 F.3d 554, 561-562 (6th Cir. 2007) (finding typicality satisfied where the claims of the named Plaintiffs and the class as a whole arose from the same conduct and were premised on the same allegation); *Crawley*, 2009 U.S. Dist. LEXIS 40794, at *38-39, Exhibit A (finding typicality satisfied in a case seeking to

prove unlawful termination of Medicaid benefits where the claims of the class representative and the proposed class arose from the same conduct by the defendant, shared the same legal theory, and the plaintiffs and class members suffered an identical harm in that they were not afforded a pre-termination eligibility review and hearing).

Here, the typicality requirement is easily met because the claims of the named Plaintiffs and the Delay and Reasonable Opportunity Class arise from the same unlawful conduct, namely the inaccuracy and untimeliness of Defendants' processing of Plaintiffs' and Class members' applications for comprehensive Medicaid, for which they are eligible, denying an opportunity to verify immigrant status. Just like the named Plaintiffs, all members of the Delay and Reasonable Opportunity Class have been or will be harmed by the Defendants' practices and procedures for processing Medicaid applications submitted by noncitizens with qualified immigration status, which is governed by the federal Constitution and statutory laws.

In sum, the legal theories underlying the claims of the individual Plaintiffs and the claims of the Delay and Reasonable Opportunity Class – which turn on whether Defendants are promptly furnishing comprehensive Medicaid for which the Class is eligible, and providing a reasonable opportunity for immigration status verification – are identical. As was the case in *Crawley*, the named Plaintiffs will

advance the interests of the Delay and Reasonable Opportunity Class members by pursuing their own claims. *See also Wilkof v. Caraco Pharm. Labs., Ltd.* 280 F.R.D. 332 (E.D. Mich. 2012) (given that there were central questions of whether defendants violated securities' laws through misrepresentation, and individual Plaintiffs' cases would clearly have questions of law or fact in common, class action should be certified).

### e. The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Delay and Reasonable Opportunity Class.

To demonstrate adequacy of representation, Plaintiffs must show that: (1) the class representative has common interests with the unnamed members of the class, and (2) the representative will vigorously prosecute the interests of the class through qualified counsel. *Young*, 693 F.3d at 543; *Senter v. Gen'l Motors Corp*., 532 F.2d 511, 522 (6th Cir. 1976). The relationship between the named plaintiffs and members of the putative class must not be antagonistic. *Smith v. Babcock*, 19 F.3d 257, 265 n. 13 (6th Cir. 1994). These elements are met in this case.

First, the interests of the named Plaintiffs and the members of the Delay and Reasonable Opportunity Class are entirely coextensive. As described above, the legal claims of the named Plaintiffs arise from the same illegal conduct by Defendants that applies to the entire Class. Consequently, the Proposed Class representatives are sufficiently interested in the outcome of the case to vigorously prosecute the Delay and Reasonable Opportunity Class's claims. The named

Plaintiffs seek declaratory and injunctive relief to ensure that Defendants promptly provide them with desperately needed medical coverage for which they are eligible, with a reasonable opportunity to verify satisfactory immigration status while benefits are pending.  This request does not present conflicts between the named Plaintiffs and other Class members because the named Plaintiffs lack any interests adverse or antagonistic to the members of the Delay and Reasonable Opportunity Class.

Second, counsel for the named Plaintiffs and the Proposed Class has sufficient experience and expertise to ably represent the Proposed Class, as well as a track record of vigorously pursuing the interests of their clients.  Elan S. Nichols of the Center for Civil Justice has practiced law for 14 years, including 5 years in poverty law.  Edward J. Hoort of the Center for Civil Justice has considerable experience – about 40 years – in poverty law and Class action litigation in federal and state courts.  Further, attorneys Susan E. Reed and Anna M. Hill of Michigan Immigrant Rights Center together have 13 years combined experience practicing immigration law.  *See* Exhibit D, Nichols, Hoort, Reed, and Hill resumes. Plaintiffs' attorneys will prosecute this action vigorously and competently.

Accordingly, Plaintiffs will fairly and adequately protect the interests of the Delay and Reasonable Opportunity Class in this action, and meets the requirements of Rule 23(a)(4).

**2. The Proposed Delay and Reasonable Opportunity Class Meets the Requirements of Rule 23(b)(2).**

When a proposed class meets the requirements of Rule 23(a), the class may be certified if it satisfies one of the conditions set forth in Rule 23(b). Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." Certification under Rule 23(b)(2) is appropriate where "the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Int'l Union v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS 66899 (E.D. Mich. 2008) at *57-58, *quoting Senter*, 532 F.2d at 525, Exhibit E. "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits." 8 *Newberg on Class Actions*, § 25:20. In actions primarily seeking injunctive relief, the (b)(2) requirement is "almost automatically satisfied." *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994). "When a suit seeks to define the relationship between the defendant(s) and the world at large, (b)(2) certification is appropriate." *Id.* (internal quotation marks and ellipses omitted). "What is important is that the relief sought by the named plaintiffs should benefit the entire class." *Id.* at 59.

In determining whether a class merits certification under Rule 23(b)(2), the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011), held that Rule 23(b)(2) applies only when a single

injunction or declaratory judgment would provide relief to each member of the class.  This Delay and Reasonable Opportunity Class easily meets that standard, as all members of the Class seek injunctive and declaratory relief from Defendants' generally applicable custom, policy, or practice of not promptly and correctly furnishing comprehensive Medicaid to those who are eligible, and not providing them a reasonable opportunity to verify immigration status to retain comprehensive coverage.  The named Plaintiffs do not contend that they were singled out for unlawful treatment.  On the contrary, their claim shared with the rest of the Delay and Opportunity Class is that their federal rights to desperately needed medical coverage, and lack of opportunity to verify eligibility, were violated by a standardized computer system that similarly affects all members of the proposed Class.  The remedy the named Plaintiffs seek – declaratory and injunctive relief to force Defendants to fix the computer error immediately and immediately provide them and the Class with the medical insurance they applied for and are eligible for, with a verification opportunity and benefits pending, as required by federal law – would apply to and benefit all members of the proposed Delay and Opportunity Class.  An order entered by this Court on any basis holding that the statutes are enforceable and have been violated would, by its terms, inure to the benefit of all members of the Class.  Certification is therefore appropriate under Rule 23(b)(2).

**B. THE NOTICE CLASS ALSO SHOULD BE CERTIFIED.**

**1. The Proposed Notice Class Is Ascertainable and Satisfies Rule 23(a).**

    **a. Membership in the Class is Ascertainable.**

The applicable legal authority on ascertainability is discussed in section III(A)(1)(a), *supra.*

Here, the Notice Class satisfies the ascertainability requirement because a specific group (all Medicaid-eligible qualified immigrants residing in Michigan who applied on or after January 1, 2014, and were denied adequate and meaningful notice as to the Medicaid denial and their hearing rights), suffered specific harm (receiving very little health care coverage and no due process).  Similar to the case of *Crawley v. Ahmed*, No. 08-14040, 2009 U.S. Dist. LEXIS 40794 (E.D. Mich. May 14, 2009), Exhibit A, the Plaintiff Notice Class includes prospective members who will be denied adequate notice and refused an opportunity to challenge the denial of comprehensive Medicaid coverage.  Because the proposed Notice Class consists of a particular group of individuals who have been or will be harmed in a similar way, it is ascertainable.

    **b. The Notice Class Is So Numerous that Joinder of All Members is Impracticable.**

The applicable legal authority on numerosity is discussed in section III(A)(1)(b), *supra.*

The Proposed Notice Class easily satisfies the numerosity requirement because it includes thousands of individuals.  As explained above, approximately 68,000 citizens and qualified immigrants had been erroneously assigned to ESO coverage in Michigan thus far in 2014.  *See* Exhibit B.  Each of these thousands of ESO Medicaid recipients received the same inadequate notice as the named Plaintiffs.

Each day, more individuals apply for Medicaid/HMP, including qualified immigrants.  Defendants have made not changes to correct the unconstitutional notices they have been and continue to send when they deny comprehensive medical coverage and assign an applicant to ESO.  *See* Exhibit B, August 11, 2014 FOIA Response of Defendants.  Accordingly, each day until the practices challenged in this case are enjoined, more individuals will become members of the Notice Class.  Defendants have taken no action to correct their unconstitutional notices of ESO Medicaid assignment.

Finally, concerning impracticability of joinder, Notice Class members are dispersed throughout the state.  Similar to the Delay and Reasonable Opportunity Class, it is unlikely that each and every Notice Class member, many with language, economic, and health barriers, will be able to redress the due process harms raised by this case on their own.  In sum, judicial economy will be served by allowing

this case to be brought as a class action with this Notice Class, rather than requiring thousands of individuals to bring their own actions.

### c. There are Questions of Law and Fact Common to the Notice Class.

The applicable legal authority on commonality is discussed in section III(A)(1)(c), *supra.*

The question common to all members of the Notice Class is whether Defendants failed to provide members of the Notice Class with a notice informing them about the denial of comprehensive Medicaid, the specific legal and factual reasons for the denial and their hearing rights regarding the denial, in violation of Due Process Clause of the Fourteenth Amendment and federal Medicaid law, 42 U.S.C. § 1396a(a)(3).  As was the case in *Crawley, supra*, the named Plaintiffs in this case seek to redress government officials' systematic failure to adhere to statutory and constitutional requirements.  As such, the named Plaintiffs' and Notice Class's claims share common questions.

Moreover, the common questions are central to the case.  A holding that the Defendants' conduct fails to satisfy statutory and constitutional requirements because of the deficient notices of assignment to ESO (denial of comprehensive Medicaid), would resolve the case for all Notice Class members "with one stroke." *Young*, *supra*.  Therefore, resolving the common issues will most certainly "advance the litigation."  *Sprague, supra*.

**d. The Claims of the Named Plaintiffs are Typical of the Claims of the Notice Class.**

The applicable legal authority on typicality is discussed in section III(A)(1)(d), *supra.*

Named Plaintiff Aelen Unan received a "Health Care Coverage Determination Notice" dated April 28, 2014 from Defendant DHS. The Notice stated, without explanation, that Ms. Unan was approved for ESO Medicaid only, from April 1, 2014, ongoing. *See* Exhibit A to the Class Action Complaint. Ms. Unan had to have her application assister explain to her what this notice meant, and in particular, that it was *not* an approval for comprehensive Medicaid. The notice, like all the form notices the Notice Class has received and are receiving, simply state that ESO Medicaid is approved, but not that full Medicaid is denied, the notices fail to clearly explain the applicant's right, under federal law, to a hearing regarding the denial of full Medicaid coverage. Ms. Unan did not request a hearing to appeal, and missed the appeal deadline.

Plaintiff Patricia Quintino received a "Health Care Coverage Determination Notice" from Defendant DHS dated April 30, 2014. Defendant DHS issued Ms. Quintino a decision stating, without explanation, that she was approved for ESO Medicaid only, from April 1, 2014, ongoing. *See* Exhibit B to the Class Action Complaint filed contemporaneously with this Motion, Declaration of Patricia Quintino, 8/26/14, ¶¶ 15-16. Ms. Quintino also did not understand the reason for

her assignment to ESO only.  No factual or specific legal reason was stated on the

notice, just as with Plaintiff Unan and the entire Notice Class who received the

form ESO notices.  Additionally, Ms. Quintino did not file an appeal via requesting

a hearing (her notice did not state that she had a right to this), and she missed her

appeal deadline as well.  Plaintiffs Unan's and Quintino's claims are typical of

those of the Notice Class because there experienced the same injury as the class,

similar to the commonality requirement.  *In re Am. Med. Sys. Inc.*, 75 F.3d at 1082,

*quoting Newberg on Class Actions*, at 3-76; *Young*, 693 F.3d at 542.

Here, the typicality requirement is easily met because the claims of the

named Plaintiffs and the Notice Class arise from the same unlawful conduct,

namely the failure to send a lawful notice regarding the denial of comprehensive

Medicaid.  Just like the named Plaintiffs, all members of the Notice Class have

been or will be harmed by the Defendants' practices and procedures for processing

Medicaid applications submitted by noncitizens with qualified immigration status,

which is governed by the federal Constitution and statutory laws.

In sum, the legal theories underlying the claims of the individual Plaintiffs

and the claims of the Notice Class – which turn on providing a lawful notice – are

identical.  As was the case in *Crawley*, likewise a systemic notice case, the named

Plaintiffs will advance the interests of the Notice Class members by pursuing their

own claims.  *See also Wilkof v. Caraco Pharm. Labs., Ltd.* 280 F.R.D. 332 (E.D. Mich. 2012).

### e. The Named Plaintiffs Will Fairly and Adequately Protect the Interests of the Notice Class.

The applicable legal authority on adequacy is discussed in section III(A)(1)(e), *supra*.

First, the interests of the named Plaintiffs and the members of the Notice Class are entirely coextensive.  As described above, the legal claims of the named Plaintiffs arise from the same illegal conduct by Defendants that applies to the entire Class.  Consequently, the Proposed Notice Class representatives are sufficiently interested in the outcome of the case to vigorously prosecute the Class claims.  The named Plaintiffs seek declaratory and injunctive relief to ensure that Defendants promptly provide them with a constitutionally adequate notice explaining the denial of comprehensive Medicaid, the basis for the ESO assignment, and the right to appeal.  This request does not present conflicts between the named Plaintiffs and Notice Class members because the named Plaintiffs lack any interests adverse or antagonistic to the members of the Class. *Babcock, supra*.

Second, just as with the Delay and Reasonable Opportunity Class, counsel for the named Plaintiffs and the proposed Class has sufficient experience and expertise to ably represent the proposed Class, as well as a track record of

vigorously pursuing the interests of their clients.  Accordingly, Plaintiffs will fairly and adequately protect the interests of the Notice Class in this action, and meets the requirements of Rule 23(a)(4).

**2. The Proposed Notice Class Meets the Requirements of Rule 23(b)(2).**

When a proposed class meets the requirements of Rule 23(a), the class may be certified if it satisfies one of the conditions set forth in Rule 23(b).  Rule 23(b)(2) permits class certification when "the party opposing the Class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole."  As noted in the Delay and Reasonable Opportunity Class analysis above, Rule 23(b)(2) is designed for the sorts of issues and claims in civil rights and systemic cases that request injunctive relief.  *See* 8 *Newberg on Class Actions*, § 25:20; *Baby Neal v. Casey*, 43 F.3d 48, 58 (3d Cir. 1994).

The Notice Class meets the conditions of *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011), because a single injunction or declaratory judgment would provide relief to each member of the class.  All members of the Class seek injunctive and declaratory relief from Defendants' identically worded, generic, and boilerplate notices.  The named Plaintiffs do not contend that they were singled out for unlawful treatment.  On the contrary, their shared claim is that their federal rights to meaningful notice and an opportunity to be heard were violated by a

standardized, computer-generated notice sent to all members of the Proposed

Notice Class.  The remedy the named Plaintiffs seek – declaratory and injunctive

relief to force Defendants to redraft the ESO notice to comply with the

Constitution and federal law – would apply to and benefit all members of the

proposed Notice Class.  An order entered by this Court to this effect would, by its

terms, inure to the benefit of all members of the Notice Class.  Certification is

therefore appropriate under Rule 23(b)(2).

## IV. CONCLUSION – REQUESTED RELIEF

The Proposed Delay and Reasonable Opportunity Class, as well as the

Notice Class, are ascertainable and satisfy the requirements of Rule 23(a) and (b)

for certification.  *See generally M.K.B. v. Eggleston*, 445 F. Supp. 2d 400

(S.D.N.Y. 2006) (class certification of battered immigrant women and children

who were denied Medicaid due to city's defective process for determining

eligibility, flaws in computer systems, erroneous policy directives, and inadequate

training); *Ruiz v. Kizer*, No. CVS-1272-MLS-PAN, 1991 WESTLAW 280035

(E.D. Cal. Oct. 1, 1991) (certifying a class action alleging that section 1320b-

7(d)(4) makes immigrants eligible for Medicaid while a determination of their

immigrant or resident status is being made), Exhibit F.  Therefore, Plaintiffs

respectfully request that this Court enter an order certifying the two classes and

appointing class counsel as set forth fully in the Motion above.

Respectfully Submitted,


Dated:  September 8, 2014                    /s/Elan S. Nichols (P57463)
                                             Edward J. Hoort (P25561)
                                             Attorneys for Plaintiffs
                                             CENTER FOR CIVIL JUSTICE
                                             436 S. Saginaw St.; Ste. 400
                                             Flint, MI 48502
                                             (810) 244-8044; Fax: (810) 244-5550
                                             enichols@ccj-mi.org
                                             ehoort@ccj-mi.org


Dated:  September 8, 2014                    /s/Susan E. Reed (P66950)
                                             Anna M. Hill (P78632)
                                             Attorneys for Plaintiffs
                                             MICHIGAN IMMIGRANT RIGHTS
                                             CENTER
                                             3030 S. 9th St. Suite 1B
                                             Kalamazoo, MI 49009
                                             (269) 492-7196; Fax: (269) 492-7198
                                             susanree@michiganimmigrant.org
                                             ahill@michiganimmigrant.org